UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HEATH MARELL, *et al.*

                Plaintiffs,

    v.                                      Civil Action No. 18-00354 (TFH)

MARK ALLAN PLUMMER, *et al.*

                Defendants.

## MEMORANDUM OPINION

This case comes before the Court on plaintiffs' Petition and Motion to Confirm Arbitration Award [ECF No. 1] and Request for Entry of Default Judgment for Sum Certain [ECF No. 11], in which Heath Marell, Susan Marell, and James Marell seek confirmation of an arbitration award entered in their favor and against defendants by the Financial Industry Regulatory Authority ("FINRA"). For the reasons that follow, the Court will grant plaintiffs' motion, enter default judgment in their favor, and confirm the arbitration award under 9 U.S.C. § 9.

## BACKGROUND

On March 28, 2016, plaintiffs initiated FINRA arbitration proceedings against Texas E&P Partners, Inc. and its principal, Mark Allan Plummer, asserting a number of claims relating to investments in the Chestnut GEB Joint Venture and Chestnut 2007 4x4 Joint Venture. The FINRA Arbitration Panel conducted a two-day hearing in July 2017, and on August 31, 2017, the Panel rendered its Initial Award in favor of plaintiffs. Pet. & Mot. to Confirm Ex. A (8/31/2017

Award) [ECF No. 1-4]. In response to plaintiffs' Motion for Clarification and Correction, the Panel issued a Modified Award on December 5, 2017 to correct the date on which prejudgment interest began to accrue and to make clear that a portion of plaintiff Heath Marell's award was for loss to his IRA. Pet. & Mot. to Confirm Ex. B (12/5/2017 Award) [ECF No. 1-5]. The Modified Award contained a typographical error in the name of one of the plaintiffs, so the Panel issued its Final Award on February 5, 2018 correcting the name of plaintiff Susan Marell. Pet. & Mot. to Confirm Ex. C (2/5/2018 Award) [ECF No. 1-6].

On February 15, 2018, only ten days after the Panel issued its Final Award, plaintiffs filed this action seeking confirmation of the arbitration award. On April 19, 2018, the Clerk of Court declared both defendants in default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default [ECF No. 9]. Thereafter, on May 24, 2018, plaintiffs filed their Request for Entry of Default Judgment for Sum Certain [ECF No. 11]. To date, neither defendant has filed a responsive pleading or otherwise appeared before the Court.

## DISCUSSION

### I. Default Judgment

Plaintiffs seek entry of default judgment against defendants pursuant to Federal Rule of Civil Procedure 55(b). Here, the Court may enter default judgment to confirm the arbitration award because the defendants are in default and the arbitration award sought to be confirmed "is for a sum certain." *See* Fed. R. Civ. P. 55(b)(1).

### II. Confirmation of FINRA Arbitration Award

Provided certain conditions are met, the plain language of 9 U.S.C. § 9 requires that the Court enter an order confirming the arbitration award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 18 (D.D.C. 2001) (quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)).

Plaintiffs have satisfied the requirements of the statute. First, defendants agreed to have the award entered as a judgment of this Court. The FINRA Code of Arbitration Procedure states that "[a]ll awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. *Such awards may be entered as a judgment in any court of competent jurisdiction*." FINRA Rule 12904 (emphasis added). Second, the award has not been vacated, modified, or corrected in accordance with the sections 10 or 11 of the Federal Arbitration Act. Third, notice of the application was timely served on defendants. Finally, FINRA conducted the arbitration hearing and made the award in the District of Columbia, so the Court has jurisdiction to confirm the award.

## CONCLUSION

For the foregoing reasons, the Court will enter default judgment against the defendants and confirm the FINRA Arbitration Award pursuant to 9 U.S.C. § 9.  An appropriate Order accompanies this Memorandum Opinion.


December 4, 2018                        _____
                                                   Thomas F. Hogan
                                   Senior United States District Judge